[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #191
CT Page 4963
The plaintiff, Northern State Financial, LLC (Northern), filed an amended complaint on February 4, 1997 against the defendants, Samuel P. Sorensen[1] (Sorensen) and Ford Consumer Finance Company, Inc. (FCFCI). Northern alleges that as of June 29, 1993, Sorensen was the owner of the real property and premises located at 45 Glendale Avenue, Bridgeport, Connecticut. On or about April 13, 1990, Sorensen granted to Associates Financial Services of America, Inc. (AFSA), a mortgage deed on the property, which was later assigned to FCFCI. On June 29, 1993, the Bridgeport City Tax Collector sold the property at a tax sale pursuant to General Statutes § 12-155 et seq. to Robert A. Solari (Solari) and Beecher A. Larson (Larson). The tax collector subsequently executed a deed of conveyance to Solari and Larson on or about July 6, 1993. The deed was recorded on June 30, 1994. On July 5, 1994, the property was conveyed by quitclaim deed from Solari and Larson to Northern. AFSA subsequently filed a foreclosure action seeking to foreclose the April 13, 1990 mortgage taken by Sorensen.[2]
FCFCI filed an answer admitting almost all of the allegations in the amended complaint, but denying that the Bridgeport City Tax Collector conducted a tax sale pursuant to § 12-157. FCFCI also asserted four special defenses which were struck by the court, West, J., on July 11, 1997. Northern filed a motion for summary judgment on January 15, 1997, seeking clear and quiet title to the property, on the grounds that its title to the property is unencumbered by virtue of the tax collectors deed, and that the interests of Sorensen, AFSA and FCFCI have been extinguished and discharged pursuant to General Statutes §12-159.[3] FCFCI filed a memorandum in opposition to the motion for summary judgment, and the matter was heard by the court on February 22, 1999.
"Practice Book § 384 [now Practice Book (1998 Rev.) § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material CT Page 4964 facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.) Hertz Corp. v. Federal Ins. Co.,245 Conn. 374, 380-81, 713 A.2d 820 (1998).
Northern argues that FCFCI's mortgage is invalid as a matter of law, because, pursuant to § 12-159 the tax collectors deed is prima facie evidence of a valid and unencumbered title conveyed to Solari and Larson as grantees. FCFCI argues that the provision in § 12-159 that a tax collector's deed is prima facie evidence of a valid and unencumbered title is rebuttable.[4]
Northern has placed into evidence a certified copy of the tax collector's deed, which reflects that on April 29, 1993, the tax collector levied upon the property due to Sorensen's failure to pay property taxes in the amount of $5,806.90 plus costs, expenses and fees. (Motion For Summary Judgment, Exhibit A, Tax Collector's Deed). After notice, the property was sold at public auction to Solari and Larson for $6,100 on June 29, 1993. (Exhibit A) Northern has also placed into evidence a certified copy of the quitclaim deed whereby Solari and Larson conveyed the property to Northern on July 5, 1994. (Motion For Summary Judgment, Exhibit B, Quitclaim Deed). Solari has averred to these facts in his affidavit. (Motion For Summary Judgment, Exhibit D, Affidavit of Robert A. Solari, ¶¶ 3, 5).
Although FCFCI denies in its answer that Larson and Solari obtained an unencumbered title to the property through the tax deed on June 29, 1993, it has not submitted evidence to show that there is a genuine issue of material fact in dispute on this point. Indeed, the evidence submitted by FCFCI supports Northern's position that it received unencumbered title to the subject property via the tax deed. (Defendant's Memorandum In Opposition To Summary Judgment, Affidavit of Greg Hortemiller, Exhibit A, Transcript of Proceedings Re: Northern StateFinancial, LLC v. Sorensen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316682 (June 13, 1995, Tobin,J.), Testimony of Attorney Ann Papas Phillipps, pp. 28-29). Thus, FCFCI has offered nothing to rebut the statutory presumption that the tax deed is prima facie evidence that the conveyance to Solari and Larson was unencumbered by the April 13, 1990 mortgage taken by Sorensen.[5] Accordingly, Northern's motion for CT Page 4965 summary judgment is granted.[6]
BALLEN, JUDGE